Zeke Williams v. The State.

No. 1155.   Decided May 10, 1911.

**Theft—Charge of Court—Reasonable Doubt—Article 723.**

Where, upon trial for theft, the court in his charge applied the law of reasonable doubt to the case generally, and as to the difference between the degrees of theft, as well as in the application of the law to the facts, aided also by a general charge on the presumption of innocence, the same was sufficient without the repetition of the reasonable doubt to every phase of the case; and under article 723, Code Criminal Procedure, there was no reversible error.

Appeal from the Criminal District Court of Harris.   Tried below before the Hon. C. W. Robinson.

Appealed from a conviction of theft; penalty, a fine of $100 and four months confinement in the county jail.

The opinion states the case.

*R. H. Holland* and *R. L. Neal,* for appellant.—On the question of reasonable doubt and the question of innocence: Dyson v. State, 13 Texas Crim. App., 402; Johnson v. State, 30 Texas Crim. App., 419; Shamburger v. State, 24 Texas Crim. App., 433; Rutherford v. State, 48 Texas Crim. Rep., 431; Bird v. State, 49 Texas Crim. Rep., 96; Henderson v. State, 51 Texas Crim. Rep., 194; Stewart v. State, id., 223; Moody v. State, 52 Texas Crim. Rep., 233; Harris v. State, 55 Texas Crim. Rep., 469; Vann v. State, 45 Texas Crim. Rep., 443; Bagley v. State, 103 S. W. Rep., 874; Darnell v. State, 43 Texas Crim. Rep., 86.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This record is before us without a statement of facts or a bill of exceptions.   The conviction was for theft.   The court charged the jury that if they should believe beyond a reasonable doubt that the property mentioned in the indictment belonged to John W. Graham, and was of value of fifty dollars, etc., they would convict him, otherwise they should acquit.   He further charged the jury if they should believe beyond a reasonable doubt, guided by the foregoing instructions, that defendant committed theft of the property described in the indictment about the time and at the place alleged, or any part thereof, but have a reasonable doubt as to the value of the property taken, if any, at one time being of the value of fifty dollars, then in that event they should find him guilty of a misdemeanor theft.   In each instance the court gave the appropriate instructions in regard to the penalty.   Then the court gave this charge:

"If you believe from the evidence that the defendant took the hats mentioned in the indictment under the instructions or with the consent of W. Christ for the purpose of sale, believing that the said Christ had authority to give such instructions or consent, then you

will acquit the defendant, regardless of whether or not you believe the said Christ.had authority to authorize the taking of said hats for said purpose."

He further charged: "If you believe from the evidence that W. Christ had authority to authorize the taking of the hats by the defendant for the purpose of sale or otherwise, and you further believe that the said W. Christ did authorize the defendant to take the hats, you will acquit the defendant."

Appellant excepted.in his motion for a new trial to that° portion ·of the charge above quoted, as follows: "If you believe from the evidence that the defendant took the hats mentioned in the indictment or with the consent of W. Christ for the purpose of sale," etc., they should acquit, because that particular clause of the charge did not include in it the law of reasonable doubt.

We have made the above extracts from the charge in order to bring out the matter fully. It would have been better, perhaps, for the court to have charged in that connection the law of reasonable doubt; but taking the charge in connection with the repetition of the reasonable doubt, and the charge given generally with regard to presumption of innocence and reasonable doubt, we are of opinion there is no such error as would require a reversal of this judgment, under the provisions of article 723 of the Code of Criminal Procedure, as frequently construed by this court. Reasonable doubt is given in applying the law to the case generally, and as to the difference between the degrees of theft, as well as in the application of the law to the facts, aided also by a general charge on presumption of innocence and reasonable doubt. We are of opinion that the jury could not have been misled by this omission; nor do we believe the burden of proof was placed on defendant by reason of this omission.

Believing therefore that the error was not of sufficient importance to require a reversal of the judgment, it is· in all things affirmed.

*Affirmed.*

[Rehearing denied May 31, 1911.—Reporter.]