### D. JACKSON v. THE STATE.

No. 6002.  Decided December 1, 1920.

**Rape—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of rape upon a female under the age of consent, the court charged the jury that, if they found the girl to be under eighteen years of age at the time of the intercourse, this would be sufficient on the question of non-consent under the amended Statute elevating the age of non-consent to the age of eighteen, instead of submitting the former statute'

88 Tex.—15

fixing the age at fifteen years; but the testimony showing that at the time of the carnal intercourse with defendant she was under fifteen years of age, and the amended statute having been enacted after the occurrence, the age of the girl at the time of the intercourse would be the criterion and not at the time of the trial, there was no reversible error.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of rape on a female under the age of consent; penalty, fifteen years' imprisonment in the penitentiary.

The opinion states the case.

*Feagin, German & Feagin,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of the offense of rape on a girl under fifteen years of age, and awarded five years in the penitentiary.

The girl testified that appellant had intercourse with her three or four times; that she was under fifteen years of age; that as a result of this intercourse there was born to her a child, and at the time of this trial it was one year and three months of age. She was about sixteen years of age at the time she testified, but was under fifteen at the time of the alleged intercourse. The appellant denies the transaction. The girl said nothing about the matter until her mother discovered her pregnancy, which she stated was about four months subsequent to the time of the illicit intercourse. She never told her mother the name of the party who had debauched her and did not disclose it to anyone until she went before the grand jury. Her mother and father corroborated her on this phase of the case. They asked the girl on the witness stand if she had not told her father and mother that a boy living at Kickapoo was the author of her disgrace and shame. She denied it. The father and mother both denied such conversation. Appellant testified denying that he had ever had intercourse with the girl, and stated that in his presence the conversation occurred as to the condition of the girl, and that she told her father and mother that this boy from Kickapoo was the author of her shame. Appellant was prosecutrix's brother-in-law, having married her elder sister, living on the place and working on the farm of his father-in-law. This is the substance of the case.

That somebody had intercourse with the girl would seem to be evident, for she gave birth to a child. This would not have happened unless some man had had intercourse with her. It became a question of veracity between the girl and the appellant on the main facts as to the intercourse. The weight of the testimony and credibility of witnesses was a matter upon which the jury had the right to pass, and it was incumbent upon them to decide those matters. They

could have believed the appellant and acquitted him, and could have believed the State's testimony and convicted him. The jury evidently believed the State's testimony and convicted. We would not feel justified under the circumstances in reversing this judgment for want of sufficient testimony.

The court charged the jury that if they found the girl to be under eighteen years of age at the time of the intercourse, this would be sufficient on the question of non-consent. At the time the intercourse occurred she was under fifteen years of age. At the time she testified she was not eighteen. The Legislature saw proper to re-enact the statute and elevate the age to eighteen. This was after this occurence. The age of the girl at the time of the intercourse would be the criterion and not at the time of the trial. If appellant had intercourse, as testified, with the girl before she was fifteen years of age, he was guilty under the law as it then stood so far as age is concerned. The fact that the Legislature elevated the age of consent to eighteen years would not change that aspect of the case. If there had been a doubt under the testimony as to the age, whether she was over or under fifteen, and such question was an issue, this charge would have been error, but as there was no issue on that fact and the evidence showed conclusively she was under fifteen years of age, the charge with reference to the age of eighteen would not be a serious error. The charge of the court, therefore, informing the jury they could convict if she was under eighteen years of age would make no particular difference, as it could not have injured appellant in any way by reason of the facts above stated. The jury could not have been misled by reason of such charge. If the jury could have convicted on account of the girl being under eighteen and the testimony was doubtful as to whether she was above fifteen, the error would have been reversible.

Taking the case as presented we are of opinion the judgment should be affirmed.

*Affirmed.*