BENNIE HUGHES V. THE STATE.

No. 8708. Delivered October 7, 1925.

**Manufacturing Intoxicating Liquor—Charge of Court—While Improper— Not Reversible Error.**

Where, on a trial for the manufacture of intoxicating liquor, paragraph three of the court's charge erroneously failed to embrace the reasonable doubt, but all other paragraphs of the charge were submitted in connection with the reasonable doubt, the error in paragraph three would not warrant a reversal, under our statute. A fault in the charge is not to be cause for reversal unless the error was calculated to injure the rights of the defendant, or unless it appears that he has not had a fair and impartial trial. See C. C. P. Art. 743, new Art. 666. Williams v. State, 62 Tex. Crim. Rep. 322 and other cases cited.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Lyttleton & Jasper,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A negro named Red Robertson and the appellant resided about 75 or 100 yards apart and near a public road. On the night of September 27, 1923, Robertson's premises were raided by officers. The persons found in the house were Red Robertson, Bennie Hughes, a negro woman and some children. Upon the approach of the officers, Robertson was on the front gallery. Observing them coming, he ran under the house. Upon entering the house, the officers observed the appellant going through another door. He had been previously seen by them going into the kitchen. Upon finding him, the appellant was lying upon a cot. There was a distillery in the kitchen and whiskey was making upon the cook stove. There was a quantity of mash and two gallons of whiskey upon the premises; also various articles which could be used for making whiskey.

Appellant testified in his own behalf. According to his relation of the circumstances, he went to the home of Robertson to obtain some whiskey. He drank some of the whiskey and, coming under the influence of it, he laid down and went to sleep and was only aroused when the officers appeared. He was aroused by the appearance of the deputy sheriff, and not knowing his purpose, reached for his gun when Johnson declared his identity. He disclaimed any interest in the equipment or any connection with the manufacture of the whiskey. The State's witnesses, looking through a crack, saw the appellant running away from the still, which was in the kitchen, a short time before his arrest.

The charge is criticised upon the ground that it fell short of the requirements of the law touching the application of reasonable doubt. In paragraph 2 of the charge the jury was instructed upon the law of principals and told that the State relied for a conviction upon circumstantial evidence alone. Pertinent portions of the charge are thus quoted:

" * * * The State relies upon circumstantial evidence for a conviction, and when the State relies for the purpose of proving the defendant was a principal offender upon circumstantial evidence, then each fact in evidence from which such conclusion is to be inferred must be proven by competent evidence beyond a reasonable doubt, *and all the facts necessary to such conclusion must be consistent with each other and the main fact sought to be proved, and the circumstances taken together must be of a conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the defendant is guilty as a principal offender under the rules of law given you in this charge.*

It is not sufficient that the circumstances coincide with and render probable the guilt of the defendant, but they must exclude every other reasonable hypothesis."

Paragraph 3 of the charge reads in part thus:

"Now, bearing in mind the foregoing instructions, if the jury shall believe that Bennie Hughes, on or about the 27th day of September, 1923, in Harrison County, Texas, did then and there manufacture spirituous, vinous and malt liquor capable of producing intoxication, then find the defendant guilty and assess his punishment at confinement in the penitentiary for not less than one nor more than five years." ˙

In paragraph 4 the jury was told that neither the appellant's mere presence, silence, inaction or concealment of the offense, if any, would render him a principal. The court then added:

" * * * but to be sufficient to make the defendant a principal offender *the evidence must show beyond a reasonable doubt* that the defendant, by words or acts, in some way contributed to the offense with the intent to aid in its accomplishment, was present and acting together with such other person in the commission of said offense, knowing his unlawful purpose and intent to commit it, *and unless you so find beyond a reasonable doubt you will acquit the defendant.*"

Paragraph 5 contains the following:

"Now, if you believe the defendant was present but did not act together with Red Robinson and used no words or did no act which in some way contributed to the offense, then find the defendant not guilty.

*"In case you have a reasonable doubt thereof, you will give the defendant the benefit of the doubt and find him not guilty.*

"In this case the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence *beyond a reasonable doubt,* and in case you have a reasonable doubt as to his guilt, you will acquit him."

In ·the opinion of the writer, paragraph 3 of the court's charge was faulty in failing to mention the law of reasonable doubt. Taking note, however, of the entire charge and the manner in which the several paragraphs are connected and made dependent upon each other, we are of the opinion that the omission of the words "reasonable doubt" in paragraph 3 was not such an error as would warrant a reversal of the judgment. It is a statutory command that a fault in the charge of the court is not to be cause for a reversal of the judgment "unless the error appearing from the record was calculated to injure the rights of the defendant or unless it appears from the record that the defendant has not had a fair and impartial

trial." See C. C. P. Art. 743. There are many decisions giving effect to this Statute. Among them is the case of Williams v. State, 62 Texas Crim. Rep. 322, in which an affirmance was ordered in the opinion written by Presiding Judge Davidson; also Jackson v. State, 88 Texas Crim. Rep. 225, written by the same learned Judge. See also McCall v. State, 14 Texas Crim. App. 353; Vernon's Tex. Crim. Stat., Vol. 2, p. 676, Art. 785.

The evidence is deemed sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*